IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: MICHELLE N. NORDIKE,    ) | |
|                                ) | |
|     Debtor,                    ) | |
|                                ) | |
| CARROLLTON BANK,               ) | |
|                                ) | |
|     Appellant,                 ) | |
|                                ) | |
| v.                             ) | No. 13-CV-156-WDS |
|                                ) | |
| ROBERT T. BRUEGGE,             ) | |
| *Trustee of the Estate of Michelle N. Nordike,* ) | |
| CONSUMER COLLECTION MANAGE-    ) | |
| MENT, INC.,                    ) | |
|                                ) | |
|     Appellees.                 ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is appellant Carrollton Bank's brief (Doc. 6), to which appellee, trustee Robert T. Bruegge, has filed a response (Doc. 9), and appellant a reply (Doc. 12). Appellant asks the Court to reverse the decision of the bankruptcy court in which it revoked its previous abandonment of property from the bankruptcy estate.

Originally, appellant, as the mortgage holder of real property owned by debtor Michelle N. Nordike, filed a motion for relief from the stay in debtor's bankruptcy proceedings together with a motion for abandonment of property pursuant to 11 U.S.C. § 554(b) and Federal Rule of Bankruptcy Procedure 6007(b). When no parties responded within the time to do so, the bankruptcy court granted the motions on March 15, 2012. Debtor's property was abandoned from the bankruptcy estate, allowing appellant to proceed with foreclosure.

Five months later, however, appellee moved to set aside the order of abandonment,

arguing that appellant had not served notice of the motion for abandonment on *all creditors* shown in debtor's mailing matrix, as is required under Rule 6007(a). Appellee argued that even though appellant had filed it motion for abandonment under Rule 6007(b), the same notice requirements of Rule 6007(a) apply, even though that is not expressly stated. Consumer Collection Management, a creditor, joined appellee's motion.

The bankruptcy court granted appellee and Consumer Collection Management's motion, vacating its earlier order that had abandoned the property. The court found that Consumer Collection Management was a legitimate party even if appellee lacked standing, and that the abandonment was improper because appellant had not served all creditors as required under Rules 6007(a) and (b). Appellant argues here that the bankruptcy court erred in both those findings.

Also relevant to this appeal is that appellee has filed a complaint in a new adversary proceeding to avoid appellant's mortgages and liens. *See* Complaint, *Bruegge v. Carrollton Bank*, Adv. No. 12-06033-lkg (Bankr. S.D. Ill. Aug. 31, 2012). Since that was filed, and not discussed by the parties in this appeal, the bankruptcy court has orally granted appellant's motion for summary judgment (Doc. 40, Adv. No. 12-06033-lkg).[1] The written order has not yet issued. Appellee has indicated his intention to appeal.

District courts have jurisdiction to hear appeals in bankruptcy actions from "final judgments, orders, and decrees"; "interlocutory orders and decrees" issued under § 1121(d); and from other interlocutory orders and decrees with leave of the court. 28 U.S.C. § 158(a)(1)–(3). Concerning final orders, *final* in this context is not the same as in ordinary civil litigation under 28 U.S.C. § 1291; it is more flexible. *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 777 (7th Cir. 2013). "[F]inality does not require a final order concluding the entire bankruptcy proceeding; certain orders entered prior to the conclusion of the bankruptcy proceeding will be deemed final." *In re Rimsat, Ltd.*, 212 F.3d 1039,

---

[1] It simultaneously denied appellee's motion for summary judgment.

1044 (7th Cir. 2000). The test for finality is "whether an order resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee." *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008); *Sharif*, 727 F.3d at 778; *In re USA Baby, Inc.*, 674 F.3d 882, 883 (7th Cir. 2012); *In re Smith*, 582 F.3d 767, 776 (7th Cir. 2009) ("An order … may be considered final, and thus immediately appealable, when it definitively resolves a discrete dispute within the larger case.").

Appellant believes the bankruptcy court's order revoking its earlier abandonment was a final order, giving this Court jurisdiction over the appeal under § 158(a)(1). That order, appellant maintains, resolved a discrete dispute within the case and finally determined the rights of the parties. Appellant also claims the entire Chapter 7 bankruptcy case would now be completed, but for that order.[2] Instead, appellant says, it is still litigating mortgage issues. Appellee, on the other hand, questions whether the bankruptcy court's order was final and appealable because that order was, in essence, the denial of a request for abandonment. At least one district court has held that such an order is not final. *See In re McNamara*, 273 B.R. 132 (E.D. Mich. 2002) (finding bankruptcy court's order denying a motion for abandonment was not final because it did not resolve whether the transaction was a fraudulent conveyance).

For the following reasons, the Court finds that the bankruptcy court's order was not final. The order did not resolve a discrete dispute that would have been a stand-alone suit. Appellant was trying to abandon the property from the estate under § 554(b), which allows for abandonment of property that is "burdensome" or "of inconsequential value and benefit" to the estate. But the bankruptcy court only determined that a procedural error had been made, namely, appellant had not served its motion on all creditors. That decision did not finally determine the rights of the parties. And the Court is not persuaded by appellant's

---

[2] It appears the reason for appellant's assertion that the bankruptcy case would be completed is that appellee, as trustee, filed an interim report on October 31, 2012, saying the property of debtor's estate has either been fully administered or funds have been paid to appellee.

point that *but for* the bankruptcy court's order, the Chapter 7 bankruptcy would be completed. The same could be said of the denial of a motion to dismiss a bankruptcy petition: But for the denial, the bankruptcy would be, in a sense, completed. Yet that is not a final order. *In re Vlasek*, 325 F.3d 955, 960 (7th Cir. 2003); *In re Jartran, Inc.*, 886 F.2d 859, 864 (7th Cir. 1989). What prevents appellant from filing a new motion for abandonment, this time ensuring that all creditors are served? Someone may oppose the motion, of course, but the bankruptcy court did not decide on the merits whether debtor's property is burdensome or of inconsequential value and benefit to the estate. *See In re Wade*, 991 F.2d 402, 406 (7th Cir. 1993) (noting that an order is final if it resolves all contested issues on the merits and leaves only distribution of assets to be completed); *Sharif*, 727 F.3d at 778 ("[A] sanction such as default judgment or dismissal that *completely eliminates the possibility of a decision on the merits* is final for purposes of appeal." (emphasis added)); *see also In re McNamara*, 273 B.R. at 136.

Further, appellee filed the complaint in an adversary proceeding seeking to avoid appellant's mortgages and liens. Although appellant does not want to "slog through" litigation with appellee, that adversary proceeding involves the same ultimate issue as the proposed abandonment, the value of the property to the estate. This appeal is not from the final disposition of that adversary proceeding, which will be appealable. *See, e.g.*, *Zedan*, 529 F.3d at 402.

In the alternative, appellant asks the Court to hear this appeal under the "collateral order" doctrine or as an interlocutory appeal under § 158(a)(3). But the collateral-order doctrine requires a showing of irreparable harm, *In re Devlieg, Inc.*, 56 F.3d 32, 34 (7th Cir. 1995), which has not been shown here. And the Court declines to review this matter as an interlocutory appeal. Interlocutory appeals are granted in the discretion of the district court. They should be granted only in exceptional circumstances, where review can materially advance the litigation. *Dempsey v. McCarthy*, No. 09 C 7949, 2010 WL 918083, at *3

4

(N.D. Ill. March 10, 2010). Since the bankruptcy court did not reach the merits of the abandonment issue, this Court does not believe a ruling on the procedural issues presented here would materially advance the litigation. And the bankruptcy court has not yet issued its opinion in the adversary proceeding. That will be a final decision, which the parties may or may not seek to review separately. Appellant could raise the issues presented here if it chooses. *See In re Salem*, 465 F.3d 767, 775 (7th Cir. 2006) ("One reason for denying permission to take an interlocutory appeal … is because many issues may be effectively reviewed on final appeal.").

In summary, the Court does not find that the procedural issues resolved in the bankruptcy court's order were a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee. Accordingly, this Court lacks jurisdiction to hear this appeal under § 158(a)(1). The appeal is **DISMISSED**. Each party shall bear its own costs. The Clerk of Court shall enter judgment.

**IT IS SO ORDERED.**

DATED: **January 24, 2014**

/s/ **WILLIAM D. STIEHL**
**DISTRICT JUDGE**